UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MEDPOINTE HEALTHCARE, INC.,

    Plaintiff,

v.

MORTON GROVE PHARMACEUTICALS, INC.,

    Defendant.

04-1686 (MLC) (JJH)

RECEIVED

APR 1 7 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## FINDINGS OF FACT AND CONSENT JUDGMENT AND ORDER

Upon the consent and request of the parties, the Court hereby makes the following Findings Of Fact and issues the following Consent Judgment And Order:

### FINDINGS OF FACT

1. Plaintiff MedPointe Healthcare, Inc. ("MedPointe") brought this civil action against Defendant Morton Grove Pharmaceuticals, Inc. ("Morton Grove") on April 13, 2004 charging Morton Grove with willful infringement of United States Patent No. 6,417,206 ("the '206 patent").

2. Morton Grove filed a Second Amended Answer, Affirmative Defenses, Counterclaims And Demand For A Jury Trial in response to MedPointe's Complaint, asserting counterclaims and defenses of invalidity and unenforceability of the '206 patent.

3. MedPointe's Tussi-12 D suspension product contains carbetapentane tannate, pyrilamine tannate and phenylephrine tannate. The Tussi-12 D suspension product, and the use of that product in accordance with its labeling, falls within the literal scope of Claims 1, 5-8 and 12-14 of the '206 patent, as properly construed.

4. Morton Grove's Tannahist-12 D suspension product carbetapentane tannate, pyrilamine tannate and phenylephrine tannate. The Tannahist-12 D suspension product, and the use of that product in accordance with its labeling, falls within the literal scope of Claims 1, 5-8 and 12-14 of the '206 patent, respectively, as properly construed.

5. Morton Grove recognizes that the '206 patent is statutorily presumed to be valid and enforceable under 35 U.S.C. § 282.

6. Morton Groves agrees to a dismissal with prejudice of its defenses and counterclaims with respect to the '206 patent set forth in its Second Amended Answer, Affirmative Defenses, Counterclaims And Demand For A Jury Trial, including the allegations and averments contained therein.

7. Morton Grove agrees to a permanent injunction from manufacturing, having manufactured, using, offering to sell, selling or shipping within the United States, or importing into the United States, the Tannahist-12D Suspension product, or any other product containing carbetapentane tannate, pyrilamine tannate and phenylephrine tannate as recited by one or more claims of the '206 patent during the life of the '206 patent, including any extensions, unless specifically authorized in writing by MedPointe.

## CONSENT JUDGMENT AND ORDER

Pursuant to the above Findings Of Fact, and upon the consent and request of the parties in this matter, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The '206 patent is statutorily presumed to be valid and enforceable. To date, there has been no ruling that rebuts or overcomes the statutory presumption of validity and enforceability of the '206 patent.

2. The Tannahist-12 D suspension product, and the use of that product in accordance with its labeling, falls within the scope of claims 1, 5-8 and 12-14 of the '206 patent, as properly construed. The Tannahist-12 D Suspension product infringes each of claims 1, 5-8, and 12-14 of the '206 patent, to the extent that the presumption of validity and enforceability of those claims remains unrebutted by a final court decision, from which no appeal can be or has been taken.

3. Morton Grove's defenses and counterclaims with respect to the '206 patent, including its counterclaims and defenses of invalidity under 35 U.S.C. § 103 and unenforceability are hereby dismissed, with prejudice.

4. Morton Grove, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, having manufactured, using, offering to sell, selling within the United States, or importing into the United States, Tannahist-12 D Suspension, or any other product containing carbetapentane tannate, pyrilamine tannate and phenylephrine tannate as claimed by one or more claims of the '206 patent during the life of the '206 patent, including any extensions, unless specifically authorized in writing by MedPointe.

5. To the extent that any claim of the '206 patent is found invalid or permanently unenforceable as applicable to all third parties in a final, unappealable decision of a court of competent jurisdiction, Morton Grove shall be relieved of the injunctions set forth herein with respect to that claim.

6. MedPointe and Morton Grove each expressly waives any right to appeal or otherwise move for relief from this Findings of Fact And Consent Judgment And Order.

3

7. This Court retains jurisdiction over the parties to this action for purposes of enforcing this Findings of Fact And Consent Judgment And Order.

8. This Findings of Fact And Consent Judgment And Order shall finally resolve this action between the parties. Except as otherwise agreed to by the parties, each party shall bear its own fees and costs in connection with this litigation, including attorney fees.

9. The Clerk of the Court is directed to enter this final judgment forthwith.

**SO ORDERED:**

This 17th day of April, 2007

_____
THE HONORABLE MARY L. COOPER
United States District Judge
District of New Jersey

**STIPULATED AND CONSENTED TO BY:**

MEDPOINTE HEALTHCARE, INC.

By: _____
Title: EVP & General Counsel
Date: 4/12/07

MORTON GROVE PHARMACEUTICALS, INC.

By: _____
Title: PRESIDENT
Date: 4/12/07

4